NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 7, 2014[*]
Decided May 13, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-3891

| | |
|---|---|
| JUNHAO SU, <br> *Plaintiff–Appellant,* | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 12-2248 |
| EASTERN ILLINOIS UNIVERSITY, <br> *Defendant–Appellee.* | David G. Bernthal, <br> *Magistrate Judge.* |

**O R D E R**

Junhao Su applied for admission to the graduate program in clinical counseling at Eastern Illinois University. Upon being rejected he sued the University, alleging that it had violated Title VI of the Civil Rights Act of 1964, see 42 U.S.C. § 2000d, by refusing to admit him because of his race (Asian) and national origin (Chinese), and in retaliation for administrative charges of discrimination he had filed against two other universities. A

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

magistrate judge, presiding by consent, dismissed the suit for failure to state a claim. Because we conclude that Su's complaint states claims under Title VI, we vacate the judgment and remand for further proceedings.

We recount the facts as set forth in Su's *pro se* complaint, accepting his allegations as true and drawing all reasonable inferences in his favor. See *Brooks v. Pactiv Corp.*, 729 F.3d 758, 763 (7th Cir. 2013). Su applied to Eastern Illinois University in early 2011. He previously had studied at Bowling Green State University and Florida International University; he left both schools because of discrimination by his supervisors and filed charges with the Equal Employment Opportunity Commission. His departure from Bowling Green caused quite a splash; the program director of Bowling Green's graduate program in counseling alerted officials at other Midwestern universities, including Eastern Illinois, to Su's discrimination charge. Based on this information, Eastern decided not to admit him. During a conversation with the assistant dean for admissions, Su mentioned the discrimination charges, and the assistant dean responded that he "should go to another country and start a new life." Two professors who interviewed Su also helped carry out the scheme to deny him admission by deliberately giving him lower scores than similarly qualified applicants.

Three days after his admissions interview, Su learned that he would not be offered a place at the University. He followed up by phoning the department chair, who told him that he was "not as competitive" as the other applicants, but the chair declined to offer more details. This explanation was pretextual, in Su's view, and he believes that the University denied him admission both as retaliation for the administrative charges he had filed against the other institutions and as part of the University's "standard operating procedure" of "discrimination based on race (Asian) and national origin (Chinese)."

Su filed a discrimination charge with the Department of Education (which decided after an investigation not to pursue further action, see 34 C.F.R. § 100.7(b)) and then filed this suit in federal court, alleging discrimination and retaliation in violation of Title VI. That statute, which prohibits only intentional discrimination, allows a private plaintiff to obtain both injunctive relief and damages when discriminated against by a federal-funds recipient on account of race, color, or national origin. See 42 U.S.C. § 2000d; *Alexander v. Sandoval*, 532 U.S. 275, 279–80 (2001).

The district court granted the University's motion to dismiss, concluding that Su failed to state a claim under Title VI. It reached this result after determining that the Supreme Court in *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998), imposed

additional pleading requirements on plaintiffs who bring claims under Title VI. Su's claims, the court reasoned, could survive a motion to dismiss only if he alleged in his complaint that a University official—one who was not himself a wrongdoer—had actual knowledge of the discrimination, had the authority to address the discrimination, and failed adequately to respond to the discrimination. Because those details were missing, the court dismissed the complaint without prejudice, giving Su three weeks to amend. Su moved for reconsideration, but the court denied the motion and gave Su another month to amend. Su did not take advantage of this opportunity, and so the court dismissed Su's suit with prejudice.

On appeal the parties spar about what *Gebser* requires in order to prevail. But their arguments overlook the fact that Su's complaint was dismissed on a motion for failure to state a claim. See FED. R. CIV. P. 12(b)(6). In such a case, the Supreme Court said in *Skinner v. Switzer*, 131 S. Ct. 1289 (2011), " the question … [is] not whether [plaintiff] will ultimately prevail on his … claim, … but whether his complaint was sufficient to cross the federal court's threshold, see *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002). … [U]nder the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." 131 S. Ct. at 1296 (some internal quotation marks and citations omitted). At the pleading stage, Su was required only to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Su did so through his allegations that the University intentionally employed discriminatory admissions standards, that the administration as a whole decided to retaliate against him, and that the decision wrongfully to deny him admission was implemented by administration officials with authority over the admissions process (the assistant dean and the department chair). We note as well that the Supreme Court's approving reference to *Swierkiewicz* in *Skinner* has the effect of reiterating the fact that there is no heightened pleading requirement in Rule 8 for discrimination cases. See 534 U.S. at 511. Thus, to the extent that the district court based its order on any additional pleading requirements for Title VI cases, it erred.

Moving past the motion-to-dismiss stage does not guarantee victory for Su, any more than it does for any other plaintiff. Su will need to develop evidence that would permit a trier of fact to find intentional discrimination on the University's part. See *Hayden ex rel. A.H. v. Greensburg Cmty. Sch. Corp.*, 743 F.3d 569, 583 (7th Cir. 2014) (addressing intent in context of Title IX, a comparable statute). But that lies in the future. At this stage

he must only "state a claim to relief that is plausible on its face" by providing "sufficient detail to present a story that holds together." *Alexander*, 731 F.3d at 422 (internal quotation marks omitted). He has done so.

The University asserts that Su forfeited his argument that the University denied him admission as part of a "well-engineered scheme" involving "an official decision" by the University. But in opposing the University's motion to dismiss, Su stated that "the discrimination and retaliation ... were instructed and executed 'top-down,' meaning that it was the Defendant's administration that made the decision." This statement is consistent with Su's complaint, and he has repeated some variation of it at every stage of this litigation. We reject the argument that he has forfeited this theory.

Accordingly, we VACATE the judgment and REMAND to the district court for further proceedings consistent with this order.